*214
 
 PeabsoN, C. J.
 

 There is error in the decretal order appealed from.
 

 The orderly mode of proceeding was for the Court to accept the bid of Ooffield and Barnhill by confirming the contract of sale, and .then upon the matter set out in the report, to enter a rule against them, to show cause why they should not be required to comply with the terms of the sale. On the return of the rule, the Court, considering the whole matter, as well the facts set out in the report, as those which might be relied on by them, could dispose of it in one of three ways:
 

 1. By an order that Ooffield and Barnhill do execute and perform what they had undertaken to do, according to the terms of their bid; which would, in effect, be a decree for the specific performance of the contract — the Court having jurisdiction to make the decree as an order in the cause, as fully as on “ an original bill for specific performance,” by reason of the fact that the contract is within its cognizance, and all the necessary parties are before it.
 

 2. By an order releasing Ooffield and Barnhill from their bid, rescinding the contract and directing the land to be sold over again.
 

 3. Which is the middle course : By an order without absolutely releasing them from their bid and rescinding the contract, that the land be sold over again, they undertaking, as a condition precedent to this order of resale, which is made for
 
 their
 
 benefit and on the basis of their, liability to a decree for a specific performance, to pay the costs and charges incident to a second sale, and also to make good the difference in the price, in the event that as high a bid is not obtained;
 
 Harding
 
 v.
 
 Yarbrough &
 
 Cosby, (not reported,
 
 *
 
 ) decided at June Term, 1856 ; see also
 
 Claton
 
 v. Glover, 3 Jones’ Eq. 371.
 

 
 *215
 
 For the error in not pursuing this orderly mode of proceeding, the decretal order must be set aside.
 

 This extends to the whole of the order in respect to the land bid off by Ooffield and Barnnill; for, although it was- suggested by their counsel, that the part of the order, which directs resale, was not appealed from, still, that was incidentally made with reference to the part appealed from,.and the whole must be treated as connected together and making but one order, and not two distinct and independent orders, so as to allow the entire subject to come before the Court, and leave all the parties concerned, to take such action as they may be advised.
 

 For the purpose of leaving the question entirely open upon
 
 *216
 
 its merits, ibis Court declines to express any opinion as to whether the orders, made in the Court below, do or do not amount to an acceptance of the bid of CoíííeM and. Barnhill, or to a ratification of the contract if the master exceeded Ms power ; or upon the question whether, supposing the master to have exceeded his power, OoffielJ. and Barnhill were not at liberty to withdraw their bid at any time before the action of tbe master was ratified.
 

 Pee CuiuaM, Decretal order reversed.
 

 *
 

 There was no opinion filed by the Court in the above ease, but as the whole matter appears in the decree filed in the case, and it may be of service to the profession as a precedent, the Eeporter takes the liberty of appending such decree as a note to this ease.
 

 
 *215
 
 North Carolina, ss :
 

 Supreme Gourt, June Term,
 
 1856.
 

 E. L. Harding v. Edward Yarbrough and others, July 21st, 1856. Upon the opening of the matter this day before the Court, by the counsel for the plaintiff, it was alleged that by an order, in this cause, it was, among other things, ordered that the hotel and premises, in the pleading, in this cause, named, should be sold by E. B. Ereeman, as a commissioner of this Court, to the best purchaser that could be got for the same, to be allowed of by the said commissioner. That in pursuance of the said order, the said hotel and premises were sold by the said commissioner on the 28th day of June, past, and that Edward Yarbrough and Dabney Cosby, having bid the sum of fifteen thousand dollars for the said hotel and premises, the said commissioner, by his report, allowed the said Edward Yarbrough and Dabney Cosby to be the purchaser thereof, at that sum, which sum, by the terms of the sale, was to be paid in sums as follows, namely, $500 in cash down; $4333 on the 1st day of July, 1857, with interest from the day of sale; $4833 on the first day of July, 1858, with interest, and $4834 on the first day of July, 1859, with like interest, and each of said sums of $4833 was to be secured by the bond of the purchaser, with approved security. And that the said commissioner, by his said report, had also reported that the said sum, so bid, was a fair price, and that they had paid down, in cash, the said sum of $500, to the commissioner, but had failed to give approved security for the payment of the residue of the price aforesaid: whereupon, the Court, upon hearing the decre-tal order ior sale of the hotel and premises, made at the last term of this Court, and the report of the commissioner aforesaid, on motion of counsel for the plaintiff, there being no objection thereto, doth confirm the sale to the said Dabney Cosby and Edward Yarbrough. And thereupon, it is prayed
 
 *216
 
 by the counsel of the plaintiff, that the purchasers aforesaid might, on or before Friday the 25th July, instant, complete their purchase aforesaid, according to the terms of the sale, o>- on that day show to tho Court cause to the contrary. And in tho event that they do not complete their purchase, nor show good canso to tho contrary, then, that the said commissioner niay be directed forthwith to resell tho said hotel and premises, and that all the costs, charges and incidental expenses attending the last salo and inciden tal thereto, and occasioned by tho default of the said Dabney Cosby and Edward Yar-brougb, together with any loss or deficiency in price and interest arising by such second salo may bo ascertained by the clerk of this Court, and the same be paid into the office of this Court by the said Cosby and Yarbrough, for the benefit of the parlies interested in the premises, according to their several interests. And that service of this order on the said Gosfcy and Yarbrough, be made by the marshal of this Court — and in case of the absence of either of them, that service on his attorney bo deemed good service — whereupon, upon hearing the counsel for the plaintiff, the decretal order for the salo, made at. the last term of this Court, and the report of the commissioner aforesaid, this Court doth order that notice of this proceeding be forthwith served on the said Cosby and Yaibrough by the marshal of this Court, in the manner and according to tho prayer of tho plaintiff, that they complete their purchase or appear at the time specified, and shew cause why the prayer of tho plaintiff should not be granted.
 

 A true copy. — Test, E. B. FEEEMA.N, Olok,