## ALFRED CORREIRA *v.* E. L. LIU.

## No. 1553.

## E. L. LIU *v.* ALFRED CORREIRA.

## No. 1554.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED DECEMBER 17, 1924.                    DECIDED DECEMBER 24, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

BAILMENTS—*liability of bailor to third parties for negligence of bailee.*

In a contract of bailment for hire the bailor is not responsible to a third person for injuries incurred by such third person by reason of the negligent use of the thing hired by the bailee where the bailor is free from negligence contributing to such injury and the subject-matter of the bailment is not under his control.

SAME—*same.*

The owner of an automobile owes to the public dual duties, one existing at the common law not to let his car to a person known to him to be an incompetent chauffeur, the other, the creature of statute; not to let it to any person not licensed by law. If the owner of an automobile breaches his common-law duty or statutory duty and his breach and the negligence of the hirer combined are the direct and proximate cause of an injury to another, the owner is liable therefor to such other.

OPINION OF THE COURT BY PETERS, C. J.
(Perry, J., concurring.)

On the evening of December 9, 1922, two automobiles came into collision on North King street, Honolulu, at the entrance of Peterson lane, one a "Buick" owned and driven by one E. L. Liu and the other a "Cadillac" owned by one Alfred Correira and driven by one Miller who had hired it from the owner. Each owner brought an action against the other for damages for permanent

injury occasioned his automobile, claiming that the collision was the result of the negligence of the driver of the other car. Liu in his complaint alleged four concurrent acts of negligence on the part of Correira, (a) failure by Correira prior to letting the automobile for hire to Miller to require him to produce for examination his chauffeur's license, (b) knowingly letting the Cadillac automobile to an unlicensed incompetent person (chauffeur), (c) negligence of Miller in operating the Cadillac automobile at a rate of speed in excess of that permitted by section 441 of the Revised Ordinances of the City and County of Honolulu and (d) negligence of Miller generally in operating said Cadillac. Correira on the other hand by his complaint charged Liu with operating the Buick negligently and particularly in failing to comply with section 425 of said Revised Ordinances, which as alleged required him to give a plainly visible signal of his intention to turn from North King street into Peterson lane.

Both cases by stipulation of the parties were tried together in the circuit court. The jury by its verdicts found for Liu and against Correira. Correira prosecuted separate bills of exceptions and they were by agreement of the parties consolidated in this court and submitted together. One opinion will therefore serve for both.

Appellant by his exceptions assigns in effect the following errors: (1) That the trial court erred in holding and in instructing the jury that negligence of a bailee of an automobile is imputable to the bailor (a) making the bailor responsible for the negligence of the bailee (No. 1553—Exceptions 8, 9, 12; No. 1554—Exceptions 9, 10, 13) and (b) barring the bailor from recovering damages from a third party for injury to the former's automobile if the injury was the result of the concurring negligence of the bailee and such third party (No. 1553—Exceptions 5, 7, 10, 11 and 14; No. 1554—Exceptions 6, 8, 9, 11, 12

and 15); (2) that the court erred (a) in admitting evidence of a remote cause of the injury which could not be considered as one directly and proximately contributing to the collision (Nos. 1553 and 1554—Exceptions 1, 2 and 3) and (b) refusing to instruct the jury that an independent intervening negligence if the proximate cause of an injury excludes the consideration of original negligence which made the collision possible (No. 1553—Exceptions 13, 14; No. 1554—Exceptions 14, 15); (3) that from the evidence in the case in which Liu is plaintiff and from all the inferences of which the same was capable plaintiff was not entitled to recover and defendant was entitled to a directed verdict therein (No. 1554—Exception 4) and finally (4) that the verdicts in both cases are contrary to the law and to the evidence and to the weight of the evidence (No. 1553—Exception 15; No. 1554—Exception 16).

It is admitted that the Cadillac automobile which took part in the collision had prior thereto been let to Miller by Correira and that while in Miller's custody, including the time of the collision, was not subject to the control of Correira in any way. The contract between Correira and Miller as to the use of the automobile was therefore only that of bailment for hire and Miller at and immediately prior to the time of the collision was the bailee thereof for hire.

If as hereinafter explained Correira was free from negligence directly contributing to Liu's injury, then Correira as bailor was not responsible to Liu for the negligence of Miller, his bailee, in the operation of the automobile, the subject of the bailment. A bailor cannot be held responsible to a third party for the negligent use by his bailee of the chattel bailed. "The modern and better doctrine is that the negligence of a bailee of property over whom the bailor is exercising no control at the time of the

injury is not imputable to the bailor." *Virginia R. Co.* v. *Gorsuch,* 91 S. E. (Va.) 632, 633. (3 R. C. L. 145; *Lloyd* v. *R. Co.,* 181 Pac. (Wash.) 29, 30.) The rule applies in cases where the bailor is plaintiff as well as in cases where he is defendant. Where the bailor is plaintiff: *Gibson* v. *R. Co.,* 75 Atl. (Pa.) 194; *N. J. R. Co.* v. *R. Co.,* 43 L. R. A. (N. J.) 849; *Lloyd* v. *R. Co.,* 181 Pac. (Wash.) 29; *Campbell* v. *R. Co.,* 245 S. W. (Mo.) 58. Where the bailor is defendant: *Herlihy* v. *Smith,* 116 Mass. 265; *McColligan* v. *R. Co.,* 63 Atl. (Pa.) 792.

This is so even though the bailee is guilty of negligence directly and proximately contributing to the injury. *Norton* v. *Hines,* 245 S. W. (Mo.) 346; *Morgan County* v. *Payne,* 93 So. (Ala.) 628; *Currie* v. *R. Co.,* 71 Atl. (Conn.) 356. See *Insurance Co.* v. *R. Co.,* 159 Fed. 676; *Spelman* v. *Delano,* 163 S. W. (Mo.) 300; *Fischer* v. *R. Co.,* 182 N. Y. S. 313.

That Miller at the time of the collision was the bailee of Correira's Cadillac does not mean, however, that Correira is absolved from responsibility upon the mere showing of the bailment. If Correira were guilty of negligence directly contributing to Liu's injury so that his negligence and the negligence of Miller combined were the direct and proximate cause of the injury then Correira is liable.

The owner of an automobile owes to the public dual duties, one existing at the common law not to let his car to a person known to him to be an incompetent chauffeur, the other, the creature of statute (L. 1921, c. 235), not to let it to any person not licensed by law. The breach of a legal duty is negligence. If the owner of an automobile breaches his common-law duty and his breach and the negligence of the hirer combined are the direct and proximate cause of an injury to another, the owner is liable therefor to such other. (See *Parker* v. *Wilson,*

60 So. (Ala.) 150; *Gardiner* v. *Solomon,* 75 So. (Ala.) 621.) On the other hand, if the owner breaches his statutory duty and his breach and the hirer's incompetency combined are the direct and proximate cause of an injury to another the owner is liable to such other. But only in the event of incompetency; otherwise not. Though the owner may breach his statutory duty the hirer may be a competent chauffeur, in which event the breach of the owner would have no causal connection with the act of the negligence of the hirer. As heretofore stated negligence of a bailee is not imputable to a bailor. In the absence of a causal connection between the breach by the owner of his statutory duty and the negligence of a bailee the bailor is not liable for injury by the bailee to a third person.

The complaint in the case in which Liu is plaintiff alleges that Correira breached both his common-law and statutory duties. The evidence, however, sustains but one, namely, the breach by Correira of his statutory duty. To prove the breach of the common-law duty it was incumbent upon Liu to show that Miller was an incompetent chauffeur and that such incompetency was known to Correira. On the other hand, the evidence is uncontradicted that Miller was unlicensed. Act 235, S. L. 1921, provides a uniform method throughout the Territory for the licensing of operators of motor vehicles. It requires a written application for a chauffeur's license duly verified upon oath of the applicant. It prescribes the qualifications of chauffeurs, their examination by an official examiner and the scope of the examination, and makes it a misdemeanor for any person to operate a motor vehicle upon any public street within the Territory without having obtained a license as by the Act provided. By section 13 of the Act it is provided: "* * * it shall be unlawful for the owner of a motor vehicle or his

agents or servants to permit such vehicle to be driven by any person not having such a license, whether for hire or otherwise." Section 14 of the Act provides the penalty for a violation of this provision of section 13. Correira is presumed to have known that unlicensed chauffeurs were prohibited from operating motor vehicles upon the public streets of Honolulu. Moreover he is presumed to have known that he as owner of the Cadillac in question was specifically prohibited from permitting it to be driven by any person not having a license. The law in effect classes unlicensed chauffeurs as incompetent. (*Schultz* v. *Morrison,* 154 N. Y. S. 257.) The absence of a license is evidence from which incompetency may be inferred. The jury therefore had before it evidence of the breach by Correira of his statutory duty, evidence that Miller was unlicensed, the inference of incompetency resulting therefrom, and evidence of a collision which might have been the result of incompetency —clearly a *prima facie* case. If Liu suffered injury as a proximate result of the combined incompetency of Miller and the breach by Correira of his statutory duty Correira under those circumstances would be liable for such injury. The motion of Correira for a directed verdict in the case in which Liu is plaintiff was therefore properly denied.

Outside of the inference of incompetency that arises from the absence of a chauffeur's license there was, however, no direct evidence touching Miller's competency to drive an automobile. But there was evidence from which competency might be found. It appeared from the evidence that prior to getting the Cadillac from Correira Miller had hired another automobile and driven away with it and come back dissatisfied and the Cadillac had been substituted. Use of both cars by Miller prior to the collision had been made apparently without difficulty. The actual cause of the collision as claimed by Liu was

speeding on the part of Miller. Speeding is consistent with competency as well as incompetency. All this evidence taken together though perhaps slight is more than a scintilla and sufficient to support a finding that Miller was a competent chauffeur. Under these circumstances the jury had before it the inference of law that Miller was incompetent, no direct evidence of incompetency and indirect evidence of competency. A finding either way of competency or incompetency would have support in the evidence. Upon that state of the case the liability of Correira depended for its solution upon the question of competency or incompetency of Miller. As heretofore stated in the event of a finding that Miller was a competent driver, Correira was exempt from liability for the reason that Miller's negligence would constitute the efficient intervening proximate cause of the injury for which Correira as bailor was not responsible. These matters were therefore a legitimate subject of instruction to the jury. Both parties in their requests for instructions, however, failed to differentiate between negligence that might be the result of incompetency and negligence that might be the result of a negligent act of a competent chauffeur. Both parties assumed that the result of negligence in both instances was the same and requested instructions accordingly. Instruction No. 9 requested by Liu and given by the court illustrates this defect. The court among other things said:

"If you find from the evidence that both Liu and Miller were negligent and that the collision was the result of the concurring negligence of both of them then you should return a verdict for the defendant Liu." This was clearly error. If the jury found that Miller was a competent chauffeur there could be no causal relation between Miller's negligence and Correira's letting his automobile to him, and Miller's negligence under the law

of bailments not being imputable to Correira, Correira could recover against Liu even though Liu's and Miller's negligence together were the proximate cause of the injury.

Instruction No. 3 requested by Correira and refused by the court illustrates the same defect. Correira requested the court to charge among other things:

"* * * if the party renting or hiring another's automobile negligently or carelessly runs into or collides with the automobile of a third party the party owning such automobile is not responsible or liable for any damage caused by such act." This is misleading. The negligence of a bailee is not imputable to the bailor. But if the bailee's negligence is the result of incompetency and his negligence and that of the bailor combined are the direct and proximate cause of the injury a different question is presented. This phase of the situation was not presented to the jury at all.

The consideration of these two instructions suffices for all, whether given or refused. Those given by the court at the request of Liu are assigned as error and the exceptions thereto must be sustained. Differently with Correira's requests. Their defects rendered them inapplicable to the facts, and though sound in the abstract were properly refused.

There remains to be considered the alleged improper admission of certain evidence and the refusal of the court to strike the same. The court permitted Liu to ask Correira while a witness if at the time he let the automobile to Miller he (Correira) knew that Miller had a chauffeur's license, and upon Correira's answering in the negative, whether he (Correira) made any effort to ascertain that fact from Miller. This was over the objection of Correira that the evidence was incompetent and irrelevant, and Correira moved to strike on those grounds.

No motion was made by Correira to strike this evidence after the parties had rested. Liu claimed that this evidence was competent, generally and particularly so for the reason that an ordinance of the City and County of Honolulu provided that, "Before any motor vehicle is let out for hire it shall be the duty of the hirer to require the person hiring or his *bona fide* driver to produce for examination his chauffeur's certificate." After diligent search, however, we have been unable to find this ordinance in the record. It was stipulated between counsel at the trial that the Revised Ordinances of the City and County of Honolulu published in 1923 and purporting to comprise all the ordinances of the City and County up to and including January 1, 1923, might be used in lieu of the original ordinances. This publication, while it contains the traffic ordinances, nowhere contains any ordinance including the excerpt hereinbefore quoted. No doubt the revisers of the municipal ordinances omitted the provision quoted due to the passage by the legislature in 1921 of Act 235 referred to. Whether the ordinances of the City and County of Honolulu justify this particular evidence we are not therefore in a position to say. It was certainly competent and material, however, in connection with the allegation of Liu's complaint that the collision was the result of the breach by Correira of his common-law duty. The exceptions to the admission of this evidence and denial of the motion to strike must therefore be overruled. The exceptions to the verdicts are disposed of by our action upon the other exceptions.

For the reasons stated exceptions No. 7 in case No. 1553 and No. 8 in case No. 1554 are sustained. The disposition of these two exceptions renders the verdicts in the respective cases contrary to the law and hence exceptions No. 15 in case No. 1553 and No. 16 in case No.

1554 are also sustained. The remaining exceptions are overruled.

The verdicts are vacated and set aside and new trials ordered in both cases.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for appellant.

*J. L. Coke* (*C. M. Hite* with him on the brief) for appellee.

### CONCURRING OPINION OF PERRY, J.

While concurring, in the main, in the foregoing reasoning and conclusion, I wish to add that in my opinion the mere violation by Correira of his statutory duty in entrusting his car to a person not licensed to drive automobiles could not of itself, whether the entrusting was with or without knowledge of the fact that the bailee was unlicensed, be the proximate cause of the injury. If Miller was in fact a competent driver, Correira's act in handing him the automobile could not possibly have been the proximate cause or any cause of the injury. If, on the other hand, Miller was an incompetent driver (it is admitted that he was unlicensed) and was negligent on the occasion under consideration, his negligence would be the cause of the injury. Correira would be liable in the latter event not for the negligence of Miller but for his own (Correira's) negligence in entrusting the car to Miller; and he would be so held liable not because he was negligent in entrusting the car to a person who was unlicensed but because he was negligent in entrusting the car to a person who was incompetent. The fact that Miller was unlicensed is evidence *prima facie* in the eyes of the law that Miller was incompetent and that Correira committed a breach of his common-law duty not to entrust his car to a driver who was known by him to be incompetent or who under the circumstances should

have been known by him to be incompetent and was sufficient to put Correira upon inquiry as to Miller's competency or incompetency. If Correira entrusted his car to Miller knowing that the latter was incompetent as a driver then the negligence on the part of Miller in his operation of the car and the resultant injury would be deemed to be plainly probable consequences flowing from the act of entrusting the car to an incompetent person; but they would not be plainly probable consequences of Correira's act in entrusting the car to an unlicensed person for the unlicensed person could be either competent or incompetent as a driver. In other words, if Miller was guilty of negligence in the operation of the car and if that negligence was the cause of the accident, Correira would be liable not for Miller's negligence but for his own negligence, and not because Miller was unlicensed but because Miller was incompetent. It seems to me that those cases are correctly decided in which it has been held that the delivery of an automobile into the hands of an unlicensed person cannot be more in law than a remote cause of the injury. See, for example, *Black* v. *Hunt,* 115 Atl. (Conn.) 429, 431, and *Lindsay* v. *Cecchi,* 80 Atl. (Del.) 523, 524.

Instruction No. 9 given in both No. 1553 and No. 1554 at the request of Liu and over the objection of Correira did not take cognizance of these distinctions and should not have been given. Exception No. 7 in case No. 1553 and exception No. 8 in case No. 1554 should, therefore, be sustained and a new trial granted. It is unnecessary to pass upon the exceptions to the verdicts.