## YIN TAI LUM *v.* HEE KWONG, HEE YOUNG, HEE YEE, HEE HAU, NG SHEONG HEE, HEE HOP, AND L. KOON CHAN, LIMITED.

### No. 3033.

ARGUED MAY 2, 1957.          DECIDED SEPTEMBER 12, 1957.

RICE, C. J., MARUMOTO, J., AND CIRCUIT JUDGE WIRTZ
IN PLACE OF STAINBACK, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by respondents from the final decree of a circuit judge which decreed that individual respondents Hee Kwong, Hee Young, Hee Yee, Hee Hau, Ng Sheong Hee and Hee Hop pay $21,660.54 to corporate respondent L. Koon Chan, Limited, and that the corporate respondent pay to petitioner's counsel, out of the payment made by individual respondents, $7,000 as counsel fee and $190.70 for costs incurred on behalf of petitioner. The only question before this court is whether the circuit judge erred in imposing personal liability upon individual respondents to the extent of $21,660.54. Respondents have

not raised any question regarding that portion of the decree which orders corporate respondent to pay counsel fee and costs incurred. Hereafter the expression "respondents" will refer to individual respondents. Corporate respondent will be referred to as Koon Chan.

This case started as a suit for injunction by a minority stockholder of a corporation against the corporation and a majority of its directors, who also owned or controlled a majority of its capital stock, to enjoin the continuance of the tenancy of a property of the corporation by another corporation, in which such directors owned a majority interest, at an allegedly inadequate rental.

The case was previously before this court on appeal by petitioner from the decree of another circuit judge which dismissed the petition after petitioner adduced his evidence and rested. On that appeal this court reversed the decree of dismissal and remanded the case for further proceedings. The facts adduced by petitioner are stated in the opinion reported in 39 Haw. 532.

We set forth in this opinion such facts as are material to the decision on this appeal, although portions thereof may be a repetition of the facts stated in the prior opinion of this court.

The following situation existed at all times pertinent to this case. Petitioner owned 24 per cent of the capital stock of Koon Chan and was one of its eight directors. Respondents owned or controlled 52 per cent of the stock and constituted a majority of its directors. Koon Chan owned a building at the corner of King and Nuuanu streets in Honolulu. A portion of the building was rented to American Drug Company, Limited, hereafter referred to as American Drug. Respondents, with the exception of Ng Sheong Hee, were directors of American Drug.

Respondents are related, Hee Kwong being the father and the others being his sons. When the suit was filed,

respondents, with the exception of Ng Sheong Hee, owned 72 per cent of the capital stock of American Drug. At the time that the original trial was held, the stock ownership of such respondents had been reduced to 49.9 per cent. Such reduction was effected by the transfer of the shares owned by Hee Yee, principally to relatives of respondents.

Petitioner filed the instant suit on April 5, 1946. At that time Koon Chan was receiving a rent of $515 per month from American Drug. Petitioner alleged that such rent was manifestly inadequate and was fraudulently contrived by respondents to secure benefit to themselves as stockholders of American Drug to the injury of petitioner through diminution of dividends and depreciation of the value of the shares of Koon Chan owned by him. He sought an injunction against the continuance of the tenancy of American Drug at such rent or any other inadequate rent.

On September 19, 1946, Hee Kwong, as president of Koon Chan, notified American Drug that, effective October 1, 1946, the rent would be $800 per month plus 4 per cent of its monthly gross sales over $20,000. The other respondents ratified the president's action over the objection of petitioner.

On May 15, 1947, respondents, again over the objection of petitioner, voted to grant a five-year lease to American Drug at a rent of $1,000 per month. Such lease was executed on May 16, 1947.

Petitioner objected to the above mentioned rents because he maintained the position that the rent should be at least $1,500 per month or $600 per month plus 5 per cent of monthly gross sales over $12,000.

The original trial started on May 19, 1947. The circuit judge dismissed the suit in view of the action taken by respondents in increasing the rent. This court, upon review of the evidence in the record, held that such evidence made the several rental contracts suspect and required

respondents to show their entire fairness by clear and convincing proof. The opinion of the court was filed on October 7, 1952. At that time the five-year lease had already expired and it was not possible to grant the injunction sought by petitioner. However, this court held that under the prayer for general relief the circuit judge could grant other appropriate relief, and remanded the case for further proceedings consistent with the opinion.

The trial upon remand was conducted by the circuit judge who entered the final decree. Upon the evidence adduced at the original trial and the further trial on remand, the circuit judge concluded that respondents failed to meet the burden of establishing the entire fairness of the rent charged to American Drug. He found that respondents might reasonably have obtained the rent of $1,200 in the open market for the premises. The sum of $21,660.54 mentioned in the decree is the difference between the rent that might reasonably have been obtained in the open market and the rent actually obtained from American Drug during the period commencing July 11, 1945, and ending May 31, 1952.

We agree with the circuit judge that respondents failed to meet their burden. However, we think that respondents should be held accountable only for the difference between the rent which might reasonably have been obtained in the open market and the rent actually obtained for the period commencing February 1, 1946, and ending May 31, 1952. This would reduce their liability to Koon Chan from $21,660.54 to $17,611.04, as follows:

Difference between $1,200 and $515, or $685 per month for 8 months, between February 1, 1946, and September 30, 1946 .................................................................................... $ 5,480.00

Difference between $1,200 and $1,183.62 (average monthly rent on percentage basis), or $16.38 per month, for 8 months between October 1, 1946, and May 31, 1947.......... 131.04

Difference between $1,200 and $1,000, or $200 per month,
for 5 years between June 1, 1947, and May 31, 1952........ 12,000.00

Total .............................................................................. $17,611.04

We think that respondents should be held accountable for the difference only from February 1, 1946, because February 1946 was the first rental period after petitioner specifically asserted that the rent charged for the American Drug premises was inadequate. Petitioner voted for the rent of $515 per month for the premises at the directors' meeting held on June 25, 1943. He did not question the adequacy of such rent until January 28, 1946. On that day he wrote to the board of directors of Koon Chan that the rent of $515 per month was manifestly inadequate and that a fair and reasonable rent would be $600 per month plus 5 per cent of monthly gross sales in excess of $12,000. He demanded that the directors promptly revise the tenancy accordingly. Petitioner did not at any time demand that the increased rent be made retroactive to July 11, 1945. The earliest date to which he thought that the increased rent should be made retroactive was December 1, 1945, when the rent for the American Drug premises reverted to $515 per month after a period of nine months during which such premises together with adjoining premises occupied by Hawaii Sales Company, Limited, were under lease to American Drug for $1,000 per month.

The circuit judge apparently charged respondents with the difference from July 11, 1945, because that was the date that petitioner filed another suit against respondents. However, that was a suit to enjoin the officers of Koon Chan from executing and delivering to American Drug a three-year lease of not only the American Drug premises but also the adjoining premises occupied by Hawaii Sales Company, Limited, at a rent of $1,000 per month, or to have such lease cancelled if already executed and delivered.

Such lease had been executed and delivered when petitioner filed the suit but was voluntarily cancelled as of November 30, 1946, whereupon the suit was dismissed. Petitioner objected to the dismissal but his objection was on the ground that respondents should be generally enjoined from making another such lease, not on the ground that he was entitled to a decree holding respondents accountable for higher rent during the period of such lease.

There is sufficient evidence to support the finding of the circuit judge that "a flat monthly rental of $1,200 was fair and might have been obtained." It is to be noted that the finding is not that such rent was the *highest* rent, but a *fair* rent, that might have been obtained. One appraiser testified that a fair flat monthly rent would be $1,500. A minority stockholder of American Drug intervened in the suit. In his intervention, he alleged that the percentage rent put into effect by Koon Chan on October 1, 1946, would obligate American Drug to pay an average monthly rent of about $1,480, and was grossly in excess of fair rental. In their sworn answer to the intervention respondents admitted this allegation, denied that such rent was grossly in excess of fair rental and justified it as being "based upon the report and opinion of competent appraisers." The percentage rent at the rate of 4 per cent yielded an average rent of $1,183.62 per month over a period of eight months. Two appraisers with wide experience testified that the proper percentage to be used in percentage rent would be 5 per cent. At the rate of 5 per cent, the American Drug premises would have yielded during the period that the premises were under percentage rent an average monthly rent of $1,479.52. There was also an informal offer by three responsible businessmen to lease the premises for not less than five years for $1,200 per month. Respondents claim that it was not a legally sufficient offer. Even if such offer is ignored as legally in-

sufficient, the circuit judge's finding may be supported by other evidence.

The circuit judge properly concluded that respondents failed to establish the entire fairness of the rent obtained from American Drug by clear and convincing proof.

One of respondents' appraisers testified that the rent of $515 per month was "definitely a low rental for the premises." Until petitioner filed the instant suit, respondents did not take any step to ascertain a fair rent for the premises. They insisted that the rent of $515 per month was "reasonable in all respects." After petitioner filed the suit, they employed two appraisers. On September 18, 1946, the appraisers submitted their report in which they set forth their conclusion that the fair rent was 4 per cent of monthly gross sales subject to a minimum monthly rent of $800, or a flat rent of $1,000 per month. Immediately thereafter Hee Kwong notified American Drug of the adoption of the percentage rent. Such percentage rent was to "remain in effect until the court action is ended." In the meantime Koon Chan received the offer of the three businessmen, previously mentioned, to lease the premises for not less than five years for $1,200 per month. Respondents completely ignored such offer. On November 18, 1946, American Drug offered to lease the premises for ten years at the rent of $1,000 per month for the first five years, rent for the remaining five years to be arrived at by mutual agreement or, in case of failure of such agreement, to be fixed by arbitration. At the directors' meeting on December 19, 1946, respondents deferred consideration of the offer "pending the establishment of a 'fair rental' by the court in the suit brought by Y. T. Lum." At the directors' meeting held on May 15, 1947, respondents voted to lease the premises to American Drug for five years at $1,000 per month. They took the action despite the fact that the percentage rent had yielded in the previous eight months

an average monthly rent of $1,183.62, that such percentage rent was originally intended to remain in effect until the suit was ended, and that the trial of the suit was scheduled to start within four days. The minutes of the directors' meeting states that the offer of American Drug "was being reconsidered, inasmuch as the expert witness of Mr. Y. T. Lum in the pending court suit has testified that $1,000.00 a month would be a fair rental; also, that the L. Koon Chan, Ltd., appraisers are of the same opinion." The inference to be drawn from such statement is that respondents were looking for a good excuse to adopt the flat monthly rent mentioned in their appraisers' report after they found that the percentage rent was yielding a higher rent than such flat monthly rent. They found such excuse in an answer given by one of petitioner's appraisers, to a question asked by respondents' counsel in a deposition given on April 5, 1947. Such answer was given on cross examination after the appraiser had stated that he had not given any consideration to flat monthly rent and that he would not testify on the matter until he had given it a lot of study. His considered opinion was that the fair rent for the premises would be $600 per month plus 5 per cent of monthly gross sales.

Such actions by respondents cast doubt on the entire fairness of the rent obtained from American Drug. Evidence adduced by respondents at the further trial on remand does not dispel such doubt. In all such actions, respondents acted as a unit. The circuit judge properly held all of them accountable to Koon Chan.

Respondents rely on the provisions of Hawaii Defense Act Rule No. 105 (June 9, 1944), as amended by Hawaii Defense Act Rule No. 109 (July 17, 1944) and continued in force by Act 69 of the Session Laws of Hawaii 1945, hereinafter referred to as commercial rent control law, as a defense. Such law was in effect between June 11, 1944,

and continued in effect until June 30, 1947. It protected a tenant of commercial premises against any rent in excess of the rent in effect on June 11, 1944, unless modified by agreement between landlord and tenant or by the determination of the administrator of commercial real property control. Respondents' contention is that Koon Chan obtained from American Drug the rent that was in effect on June 11, 1944, and the rent as subsequently modified by mutual agreement, and that they should not be held accountable for any other rent.

Respondents may not rely on commercial rent control law with respect to the rent after June 30, 1947. We do not think that they may rely on it as a defense even with respect to the rent obtained from American Drug during the period of the existence of such law. Such law may be a defense if respondents had caused Koon Chan to negotiate with American Drug for a higher rent and Koon Chan had not been successful in such negotiation; or if they had caused Koon Chan to apply to the administrator of commercial real property control for determination of a higher rent, upon failure of negotiation with American Drug, and the administrator had denied such application. But respondents failed to take any such action.

Remanded with direction to enter an amended final decree in accordance with this opinion.

*J. Russell Cades* and *Robert G. Dodge* (*Heen, Kai, Dodge & Lum* on the opening brief; *Smith, Wild, Beebe & Cades* with them on the reply brief) for appellants.

*Frank D. Padgett* (*Robertson, Castle & Anthony* with him on the brief) for appellee.