GEORGE AUGUSTUS POWERS and MACEL WELCOME POWERS, Plaintiffs-Appellees, *v.* PAULINE L. SHAW, Defendant-Appellant, and WILLIAM S. ELLIS, JR., Trustee in Dissolution for Kula Development Corporation, PAUL C. GILLETTE and MARTHA T. GILLETTE, Defendants

NOS. 6370, 6417 and 6508

NOVEMBER 21, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a case involving consolidated appeals from orders below quashing subpoenas duces tecum, allowing attorney's fees on foreclosure, allowing additional attorney's fees on forfeiture of the down-payment on the first foreclosure judicial sale and denying appellant's motion to be allowed to file a cross-claim against other unsecured claimants to the fund.

This case began as an action to foreclose a mortgage on certain real property on the island of Maui. It has dragged its way through the Circuit Court of the First Circuit and the Supreme Court of the State of Hawaii and, through collateral proceedings, the United States District Court for the District of Hawaii and the Court of Appeals for the Ninth Circuit for almost 12 years. In 1976, the property was finally auctioned at a judicial sale to the appellant who also claims to be a creditor of the mortgagor. The bid price was $75,000 toward which she deposited $7,500. Subsequently, an order confirming the sale and fixing fees and costs was entered. In that order, the trial court awarded to appellees' attorneys a fee of $14,450 after a hearing on the subject of the attorneys' fees. Prior to that hearing, appellant moved to subpoena six members of appellees' attorneys' law firm with all their records relative to services rendered. The court below quashed the subpoena pursuant to appellees' motion.

After the entry of the order confirming the sale, appellant failed to complete the same and her deposit was forfeited. The court below awarded to appellees' attorneys, fees and expenses of $2,059.24 in connection therewith. Appellant filed a motion for leave to file a cross-claim to present a claim as a judgment creditor to the surplus sale proceeds. Her motion was denied by the court below.

The record in the court below runs to 1,459 pages. The case, so far, has consumed almost 12 years. Several issues raised and briefed in the appeals were subsequently with-

drawn. As we understand it, there are five questions before us, three in connection with No. 6370 and two in connection with No. 6508. The issues in connection with No. 6370 are:

1. Did the court below err in quashing the subpoenas duces tecum to the six members of appellees' law firm?

2. Did the court below err in granting appellees' attorneys' fee of $14,450 in the action?

3. Is the appeal frivolous?

In No. 6508, the issues are:

4. Whether the court below erred in awarding costs and attorney's fees against the $7,500 deposit forfeited by appellant?

5. Did the court below err in denying appellant's motion to file a cross-claim?

We answer all questions in the negative.

The first issue is whether the trial court committed error in granting the motion to quash the subpoenas duces tecum served on six members of the law firm representing appellees. On review, the action of a trial court in enforcing or quashing the subpoena will be disturbed only if plainly arbitrary and without support in the record. See, 9 Wright and Miller, *Federal Practice and Procedure*, § 2463 at 452 and cases there cited. Unfortunately, the transcript of the proceedings before the judge below on the hearing on the motion to quash are not before us in the record. Apparently appellant failed to order that portion of the transcript from the reporter.

Appellees did submit to the court extensive records on the time spent and the services rendered in this case. Rule 45(b), *Hawaii Rules of Civil Procedure*, provides that a motion to quash a subpoena duces tecum may be granted if it is unreasonable and oppressive. To subpoena six attorneys from the same law firm to appear with their records and to testify at exactly the same time appears unreasonable and oppressive on its face. When the fact of the timing of the subpoenas is combined with the fact that extensive records were produced and submitted to appel-

lant's counsel, there is no way we can say on the record before us that the action of the court below was plainly arbitrary and without support in the record. Since it was appellant's burden to establish the arbitrariness and lack of support in the record of the action of the court below, we find no error in quashing the subpoenas in question.

The court below allowed appellees an attorney's fee of $14,450. The note in question provided for the payment of reasonable attorney's fees and the amount awarded did not exceed the 25% maximum provided by statute. § 607-17, *Hawaii Revised Statutes.* Appellees, as we have pointed out, submitted extensive records showing the expenditure of many, many hours on the litigation in question. By the time the matter of the fees came up, the litigation was in its seventh year and the written record in the case already exceeded 1,100 pages. The transcript of the hearing at which the amount of attorney's fees was determined and allowed by the court shows clearly that the judge below took into consideration the time spent on the litigation and what that would come to at the hourly rates charged by appellees' attorneys as well as the extensiveness of the litigation which was detailed to him by both parties. The test on appeal is whether the trial judge abused his discretion in setting the amount of attorney's fees. *Sharp v. Hui Wahine, Inc.*, 49 Haw. 241, 413 P.2d 242 (1966). On the record, we are not driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding. *First Hawaiian Bank v. Smith*, 52 Haw. 591, 483 P.2d 185 (1971). Accordingly, we hold there was no error in granting to appellees attorneys' fees of $14,450.

Although we hold against appellant's claims in the above two matters, we do not think that the appeal was frivolous. We have recently had occasion to deal with an analogous situation in *Kawaihae v. Hawaiian Insurance Companies*, 1 Haw. App. 355, 619 P.2d 1086 (1980). As we there pointed out, for an assignment of error to be frivolous, it must be manifestly and palpably without merit, in other words, it must be so clearly and palpably bad as to indicate

bad faith on the part of the appellant in asserting it. We do not think the points raised on appeal in this case reached that level. Accordingly, we hold that the appeal was not frivolous.

Appellant contends that since the appellees were awarded attorney's fees very closely approaching 25% of the amount of the judgment below, that the additional award of $2,059.24 as attorney's fees and expenses in connection with the aborted sale of the property to the appellant was erroneous.

Ordinarily of course, attorney's fees are not awardable against the losing party in the absence of a statute agreement or stipulation authorizing the allowance thereof. *Brown v. Tokuda*, 49 Haw. 311, 417 P.2d 636 (1966); *Yokochi v. Yoshimoto*, 44 Haw. 297, 353 P.2d 820 (1960). However, there have always been well-recognized exceptions to this rule such as the case where a bill for instructions for construction of a will is brought, *compare Welsh v. Campbell*, 42 Haw. 490 (1958), or where minority stockholders successfully prosecute a stockholder's derivative action. *Compare Yin Tai Lum v. Hee Kwong*, 42 Haw. 87 (1957).

In this case pursuant to the notice of sale, when appellant failed to complete the purchase of the property, her $7,500 deposit was forfeited. It seems well-settled that when a purchaser at a judicial sale fails to complete the sale, the expenses of sale including attorney's fees may be imposed upon her. 47 Am.Jur.2d, *Judicial Sales*, § 317; 50 C.J.S., *Judicial Sales*, § 71; *In Re Yates*, 59 N.C. 212 (1861). We do not see therefore, how the appellant is in any position to complain about the fees being allowed out of her forfeited deposit. They might well have been assessed against her separately and in addition to the forfeited deposit. There therefore was no error in the award of attorney's fees and costs against the forfeited deposit.

As to appellant's final point, that the court below erred in refusing to allow her to file a cross-claim, such a cross-claim would have been of value to her only if there was a surplus arising out of the foreclosure proceedings so

that aside from allowable fees, expenses, commissions, and the judgment, there was money left over to be divided among the other creditors of the mortgagor. That was not the case here and accordingly, there was no error. The orders appealed from are affirmed.

*Helen B. Ryan (Ryan & Ryan* of counsel) for defendant-appellant

*Edward A. Jaffe* and *Edwin L. Doernberger (Cades Schutte Fleming & Wright* of counsel) for plaintiffs-appellees.