**Jan Roland NIELSON, Plaintiff,**

v.

**Yoshiko ONO, and Pacific International Services Corp., dba Dollar Rent–A–Car, Defendants.**

**Civ. No. 90–00354 DAE.**

United States District Court,
D. Hawaii.

Oct. 25, 1990.

Burton Gould, Wailuku, Maui, Hawaii, for plaintiff.

John Price, Honolulu, Hawaii, for defendants.

## ORDER GRANTING DEFENDANT DOLLAR'S MOTION FOR SUMMARY JUDGMENT AND DENYING ITS MOTION FOR ATTORNEYS' FEES

DAVID A. EZRA, District Judge.

The motion for summary judgment of defendant Pacific International Services Corporation, dba Dollar Rent-a-Car, came on for hearing before this court on October 22, 1990. Burton D. Gould, Esq. appeared for plaintiff Jan Roland Nielson ("plaintiff"). John H. Price, Esq. appeared on behalf of defendant Pacific International Services Corporation, dba Dollar Rent-a-Car ("Dollar"). Defendant Yoshiko Ono ("Ono"), who has not yet made an appearance in this action, was not represented at the hearing.

This court having reviewed the motion and the memoranda in support thereof and in opposition thereto, having heard oral arguments of counsel, and being fully advised as to the premises herein, GRANTS defendant Dollar's motion for summary judgment under Fed.R.Civ.P. 56(c) and DENIES its motion for attorneys' fees under Hawaii Rev.Stat. § 607–14.5.

## BACKGROUND

This is a tort action arising under Hawaii law for injuries plaintiff sustained when defendant Ono's car crossed over the center line of a Maui highway into plaintiff's lane, striking his vehicle. Ono is a Japanese national who had rented the car she was driving from defendant Dollar.

Plaintiff alleges Ono's negligence caused the collision and his resulting injuries. He maintains Dollar is also liable for his injuries because it negligently entrusted the rental car to Ono. Plaintiff claims Dollar should have known Ono was a risk to other drivers because she spoke very little English, was not a local resident and was, therefore, presumably unfamiliar with local

driving conditions and traffic laws. Dollar counters that it should not be held liable because Ono presented proof of a valid Japanese driver's license and because foreign citizenship alone cannot constitute notice of a driver's incompetence.

## DISCUSSION

### 1. Jurisdiction and Choice of Law

■ This is a diversity action over which this court has jurisdiction pursuant to 28 U.S.C. § 1332. In diversity actions this court applies state substantive law, including state choice of law rules. *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). Under Hawaii choice of law principles, Hawaii tort law applies to claims arising out of an automobile accident occurring within the state where the allegedly negligent driver was an out-of-state resident driving a rented vehicle. *Peters v. Peters*, 63 Haw. 653, 660–66, 634 P.2d 586 (1981).

■ No Hawaii state court has addressed in any reported decision the precise question presented here. Where a state court has not yet ruled on the precise question presented, this court's task is to approximate state law as closely as possible to assure that vindication of a state right is without discrimination because of the federal forum. *Gee*, 615 F.2d at 861.

### 2. Standard for Granting Summary Judgment

Summary judgment is proper under Fed. R.Civ.P. 56(c) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Retail Clerks Union, Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). The moving party has the initial burden of "identifying for the court those portions of the material on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). In determining whether a genuine issue of material fact exists, this court draws inferences from the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Perez v. Curcio*, 841 F.2d 255, 258 (9th Cir.1988).

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support his legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979).

### 3. Negligent Entrustment

■ Under Hawaii law, the owner of an automobile owes to the public a duty not to rent, lease, or otherwise let an automobile to a person known by the owner to be an incompetent driver. *Correira v. Liu*, 28 Haw. 145, 148 (1924). The breach of such a duty constitutes negligence. *Id.* However, absent knowledge by the owner of the driver's incompetence, the driver's negligence cannot be imputed to the owner. *Id.* at 149.

The courts of many other jurisdictions are in accord with Hawaii's statement of negligent entrustment law. *See, e.g., Osborn v. Hertz Corp.*, 205 Cal.App.3d 703, 709, 252 Cal.Rptr. 613, 616 (3rd Dist.1988) (defendant's entrustment of vehicle measured by "ordinarily prudent person" standard); *Evans v. Allen Auto Rental & Truck Leasing, Inc.*, 555 S.W.2d 325, 326–27 (Mo.1977) (en banc) (both actual incompetence of driver and .rental agency's knowledge of that incompetence are essential elements of negligent entrustment claim); *Normand v. Hertz Corp.*, 211 So.2d 382, 388 (La.App.1968) (rental agency not negligent absent proof of some circumstance, i.e., driver's reputation for insobriety, that would have alerted reasonable person to possibility of danger), *aff'd*, 254 La. 1075, 229 So.2d 104 (1969) (*ovrl'd on other grounds*, 289 So.2d 110 (La.1974)).

■ No Hawaii state court or federal court applying Hawaii law has yet decided whether the negligence of a driver, whom the parties agree possessed a valid driver's license, may be imputed to the lessor of a

vehicle solely on the ground that the lessor knew or should have known the driver was a foreign citizen presumably unfamiliar with local driving conditions and traffic laws. Indeed, this court has discovered only one case, not cited by either party, that addresses the issue.

In *Krupp v. Pan Air Corp.*, 183 So.2d 403 (La.App.1966), the Louisiana Court of Appeals determined that the negligence of a Brazilian citizen who held a valid Brazilian driver's license and who suffered from no physical or mental infirmities could not be imputed to the rental agency that leased the car, even though it knew he was a foreign citizen. *Id.* at 407. The court expressly rejected plaintiffs' argument that it was negligence *per se* to rent a car to a foreign citizen merely because he did not speak English fluently. *Id.*

This court finds persuasive the reasoning of the Louisiana court in *Krupp*. That reasoning is consistent with the Hawaii Supreme Court's landmark ruling on negligent entrustment in *Correira*. Therefore, this court finds that if presented with the precise issue at bar, the Supreme Court of Hawaii would reject plaintiff's claim against Dollar. Plaintiff admits defendant Ono carried a valid driver's license, and he concedes that Dollar obtained proof of Ono's identity and of her possession of a valid license when it executed the rental agreement. *See* Plaintiff's Memorandum in Opposition at 3 and the rental agreement attached as Exhibit "A" to Defendant Dollar's Memorandum in Support.

Plaintiff does not allege Ono was intoxicated or otherwise physically or mentally impaired when Dollar turned the car over to her. Additionally, there is no proof that she appeared unusually young or inexperienced.[1] Finally, plaintiff has made no showing that Ono rented cars from Dollar on other occasions, thereby putting Dollar on notice of her alleged incompetence as a driver.

Plaintiff's sole ground for imputing Ono's alleged negligence to Dollar is that Ono was a Japanese citizen whose first language was Japanese and who carried a Japanese driver's license. From these facts, Dollar is supposed to have gained constructive notice that Ono was "unfamiliar with American traffic lanes and signals" and would, as a result, drive negligently. *See* Plaintiff's Memorandum in Opposition at 4–5.

Plaintiff's argument is implausible and assumes without justification that all foreign nationals are less than competent drivers. Moreover, the basic premise of plaintiff's argument is inconsistent with the facts of this case. Here, plaintiff does not allege Ono's negligence derived from her failure to understand or obey a traffic sign or signal. Rather, he contends that Ono lost control of her car while driving in a northbound lane and crossed over into the southbound lane, striking his vehicle.[2] *See* First Amended Complaint at 2, ¶ 5–6. Thus, even if Ono was not able to understand local traffic signs, that inability bore no causal relationship to plaintiff's injuries.

Plaintiff has failed to present any significant probative evidence tending to support his legal theory, and he has raised no genuine issue of material fact with respect to Dollar's knowledge of any potential incompetence on the part of Ono. Under the

1. According to the rental agreement, which shows Ono's birth date as March 20, 1963, Ono was 26 years old at the time of the accident, which occurred August 14, 1989.

2. Even if plaintiff had alleged the accident was caused by Ono's failure to obey a traffic sign, that allegation, standing alone, would be insufficient to establish Dollar's liability. The court takes judicial notice of the fact that the Hawaii State Department of Transportation has adopted the Manual on Uniform Traffic Control Devices, which is approved by the American National Standards Committee. The Manual, which sets nationwide guidelines, provides for broad use of symbols on road signs as an alternative to word messages. *See, e.g.,* § 2B–15 at p. 2B–10 (turn prohibition signs); § 2B–25 at p. 2B–18 (keep right sign); § 2B–28 at pp. 2B–20 & 2B–21 (signs excluding bicycles, pedestrians, and trucks from certain roads); pp. 2C–3 to 2C–9 (various warning signs, such as approaching curve or fork and winding road). These symbols, some of which are used internationally, are designed to transcend the language barrier, and no knowledge of English is required to understand them.

authorities cited above, Dollar is entitled to judgment as a matter of law.

### 4. *Attorneys' Fees*

 Hawaii Rev.Stat. § 607–14.5 (Supp. 1989) authorizes attorneys' fees in civil actions. It provides in relevant part:

(a) In any civil action in this State where a party seeks money damages ... against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party ... a reasonable sum for attorneys' fees, in an amount to be determined by the court upon a specific finding that the party's claim or defense was frivolous....

(b) In determining the award of attorneys' fees and the amounts to be awarded, the court must find in writing that all claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law....

A claim is frivolous under this statute if it is "manifestly and palpably without merit so as to indicate bad faith." *Morrison–Knudsen Co. v. Makahuena Corp.*, 66 Haw. 663, 672 n. 5, 675 P.2d 760, 767 (1983), *cert. denied,* 67 Haw. 686, 744 P.2d 781 (1984) (citing *Powers v. Shaw,* 1 Haw. App. 374, 377–78, 619 P.2d 1098, 1101 (1980)).

Hawaii law, as well as the law of many other jurisdictions, clearly requires as an essential element of a negligent entrustment claim that the lessor of a vehicle know or have reason to know of a lessee's potential incompetence. That incompetence must derive from a legitimate defect, such as drunkenness, poor eyesight, or mental infirmity. Plaintiff's attempt to predicate Dollar's knowledge of Ono's alleged incompetence on the fact that she is Japanese is not supported by legal authority.

Nevertheless, this court cannot say that plaintiff's argument for an extension of negligent entrustment law was so "manifestly and palpably without merit" as to indicate that plaintiff acted in bad faith. There is no evidence that in bringing suit plaintiff was motivated by a desire to harass Dollar. Therefore, this court concludes that under the facts presented, it would not serve the interests of justice to award attorneys' fees under H.R.S. § 607–14.5.

### CONCLUSION

Having drawn inferences from the evidence in the light most favorable to plaintiff, this court finds there is no genuine issue of material fact and Dollar is entitled to judgment as a matter of law on plaintiff's negligent entrustment claim. The court further finds that plaintiff's claim was not so frivolous as to merit an award of attorneys' fees. Accordingly, the court GRANTS defendant Dollar's motion for summary judgment and DENIES its motion for attorneys' fees.

IT IS SO ORDERED.