KEVIN ZUGEL, by LAWRENCE ZUGEL, Guardian Ad Litem, Appellant, v. GEORGE PARKER MILLER and ARLENE MILLER, Respondents.

No. 14456

October 4, 1984                              688 P.2d 310

*Burns & Pritchard,* Las Vegas, for Appellant.

*Dickerson, Miles, Pico & Mitchell,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant filed a complaint against respondents contending that they had negligently permitted their minor son to drive a motorcycle on a public roadway, and that appellant had incurred certain injuries as a result of this negligence. On respondents' motion, the district court granted summary judgment against appellant, and this appeal ensued. We have determined that triable issues of fact remain for trial, and we therefore reverse the summary judgment and remand the matter for further proceedings.

The undisputed facts of this case indicate that respondents' son was thirteen years old at the time of the accident. Although he did not have a driver's license, he was driving a motorcycle on a public roadway with appellant as a passenger when he ran a stopsign. As a result thereof, an accident occurred in which appellant received various injuries.

The motorcycle had been purchased and used by respondents' son with respondents' permission for some three weeks prior to the accident. The parents had expressly instructed their son not to ride the motorcycle on a public roadway, but had freely let the son ride the motorcycle without supervision in off-road situations.

Respondents contended, and the district court apparently agreed, that as a matter of law respondents could not be found liable for their son's actions under these circumstances. We disagree.

There are at least two possible theories upon which respondents could be found liable under the facts of this case. The first possible theory of liability is premised upon the following statute, NRS 483.580;

> No person shall cause or knowingly permit his child or ward under the age of 18 years to drive a motor vehicle upon any highway when such minor is not authorized under the provisions of NRS 483.010 to 483.630, inclusive, or in violation of any of the provisions of NRS 483.010 to 483.630, inclusive.[1]

If appellant were able to demonstrate at trial that respondents violated this statute, that appellant's injuries were proximately caused by the violation, and that the statute was designed to protect members of a class to which appellant belonged, then appellant would be entitled to relief on a negligence *per se* theory of liability. *See* Barnes v. Delta Lines, Inc., 99 Nev. 688, 669 P.2d 709 (1983).

Respondents concede that their son purchased and used the motorcycle with their knowledge and consent, and they admit that the son was not legally authorized to drive the vehicle on a public roadway pursuant to the provisions set forth above. They nevertheless contend that, as a matter of law, appellant failed to present sufficient facts to establish that they *knowingly* permitted their son to ride the motorcycle on a public roadway. The son stated in his deposition, however, that he routinely rode his motorcycle on a portion of a public roadway near his home. From this fact alone the jury could have inferred that respondents possessed knowledge of their son's activities of driving the motorcycle on public roadways. Indeed, respondents did not deny that they had such knowledge.

Moreover, this court has held that the question of whether a defendant may be found liable under a negligence *per se* theory of liability is in general a question of fact for a jury. *Id.; see also* Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981) (questions of negligence are in general questions of fact for jury to resolve). As such, there remains a triable issue of fact for the jury concerning whether respondents could be found liable under this theory. Summary judgment was therefore improper.

A second possible theory of liability in this case is that of "negligent entrustment" of a motor vehicle. Under this doctrine, a person who knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle, may be found liable for damages resulting thereby.[2] *See, e.g.,* McCart v. Muir, 641 P.2d 384 (Kan. 1982); Sedlacek v. Ahrens, 530 P.2d 424

---

[1] These provisions provide, among other things, that a child may not in general be issued a driver's license until age 16 years, but may be issued a "restricted license" in certain specified situations when the child is between the ages of 14 and 16 years. *See* NRS 483.250, 483.267, 483.270.

[2] Contrary to respondents' contention, entrustment of a motorcycle may come within the purview of the doctrine of negligent entrustment

(Mont. 1974); *see also* Connell v. Carl's Air Conditioning, 97 Nev. 436, 634 P.2d 673 (1981) (doctrine of negligent entrustment held not to apply under particular facts of case). *See generally* 7A Am.Jur.2d Automobiles and Highway Traffic §§ 643-45 (1980). Under this theory of liability, the entrusting person need not have known that the motor vehicle was going to be driven on a public roadway. *See, e.g.,* Sedlacek v. Ahrens, *supra.* In fact, a parent who entrusts his child with a motor vehicle may be found liable under a theory of negligent entrustment even when the parent expressly instructs the child not to use the vehicle on a public roadway. *Id.* The key elements are whether an entrustment actually occurred, and whether the entrustment was negligent.[3] *See* McCart v. Muir, *supra* at 389.

As noted above, respondents consented to their thirteen-year-old son's acquisition and use of the motorcycle, and they knew that their son had no license to drive the motorcycle on a public roadway. Contrary to respondents' contention, the fact that they may have told their son not to ride the motorcycle on public roadways does not automatically bar appellant's cause of action for negligence. *See* Sedlacek v. Ahrens, *supra.* We also disagree with respondents' contention that, as a matter of law, their entrustment was not negligent because their son had much experience driving the motorcycle in offroad situations. The son was legally incompetent to drive the motorcycle on public roadways, and presumably had no training or experience in this type of driving.

Moreover, as noted above, the question of whether a defendant was negligent in a particular situation is a question of fact for the jury to resolve. *See* Nehls v. Leonard, *supra.* Summary judgment is only proper where the moving party is entitled to judgment as a matter of law, and no genuine issue of fact remains for trial. *See* Nehls v. Leonard, *supra.* Accepting all evidence favorable to appellant, it appears that factual issues exist concerning whether respondents were negligent under either of the above two theories of liability.

Accordingly, we conclude that the district court erred by granting summary judgment in favor of respondents. The district court's judgment is therefore reversed and the matter is remanded for further proceedings.

---

of a motor vehicle. *See, e.g.,* Sedlacek v. Ahrens, *infra; see also* NRS 483.090 (defines "motor vehcile" as including "every vehicle which is self-propelled").

[3] Respondents' reliance on Muma v. Brown, 148 N.W.2d 760 (Mich. 1967) in this regard is misplaced. In that case, the parents did not entrust the child with a motor vehicle since they never permitted the child to drive the vehicle under *any* conditions.