A91A1451. SCHOFIELD v. HERTZ CORPORATION.
(412 SE2d 853)

POPE, Judge.

On May 1, 1989, vehicles driven by appellant/plaintiff William Schofield and defendant Albertino Duriatti collided on U. S. Highway 78 in Clarke County, Georgia. Both men sustained injuries. An officer who investigated the accident averred that the vehicles collided almost totally head-on in the eastbound lane of Highway 78, which was the direction Schofield was travelling. Duriatti, a French citizen who was living in London, had departed from London that day and upon arrival in Atlanta rented a car from appellee/defendant Hertz Corporation. Duriatti planned to drive the car that evening from Atlanta to Athens to visit a friend.

When Duriatti rented an automobile from Hertz, he had in his possession a French passport and an international driving permit he obtained while residing in France. This permit reflected he had a valid French driver's license. There is some dispute about whether Duriatti had in his possession a British driver's license on the night in question, but the evidence showed that he had a valid driver's license issued by Great Britain at that time.[1] Duriatti testified that when he rented the car from Hertz, he presented his international permit and possibly his passport to the employee at the counter. Although it was Hertz's policy at the time not to rent automobiles to foreigners who presented only an international driving permit without an accompanying valid driver's license, Duriatti testified that the Hertz employee did not ask for nor did he present his British driver's license to her. Duriatti no longer had the French driver's license reflected on the international driving permit at the time he rented the car from Hertz, because he had surrendered that license to British authorities at the time he obtained his British driver's license.

Schofield filed this personal injury suit against Duriatti, Hertz, and Dow Chemical Company, Ltd., Duriatti's employer. Hertz filed a motion for summary judgment on Schofield's claims for negligent en-

---

[1] Schofield contends that whether Duriatti had a valid British driver's license at the time of the accident is a disputed fact that would preclude summary judgment on the negligent entrustment claim. Included in the record, however, is a copy of a driver's license issued to Duriatti by the Department of Transport of Great Britain which was valid for the period from April 1989 through April 2028.

trustment, negligence per se and simple negligence. The trial court granted Hertz's motion, and Schofield appeals from that decision.

1. Schofield argues that the trial court erred in granting Hertz summary judgment on his negligent entrustment claim because Hertz had actual knowledge that Duriatti was an incompetent driver by want of experience at the time it rented an automobile to him. On summary judgment, the movant has the burden of showing there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. When the movant is the defendant, the movant has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint. The court must construe all evidence, inferences and conclusions arising from the evidence in favor of the party opposing the motion. *Saenz v. Andrus*, 195 Ga. App. 431, 432 (1) (393 SE2d 724) (1990).

"Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness. [Cits.]" (Footnote omitted.) *Gunn v. Booker*, 259 Ga. 343, 347 (381 SE2d 286) (1989). That is, the entrustor's negligence must concur with the driver's negligence to proximately cause damage to the plaintiff. Unless the plaintiff can prove that the driver of the automobile was negligent, the entrustor's failure to ascertain whether the driver had a valid license is of no consequence. Id.

Schofield contends that actual knowledge can be imputed to Hertz that Duriatti was incompetent to drive the vehicle he rented because Duriatti's undisputed testimony shows that the Hertz employee who assisted Duriatti violated Hertz's policy of obtaining a valid driver's license, in addition to an international driving permit, before renting to foreigners. Violations of private guidelines do not establish negligence per se, but can be illustrative of what is considered reasonable behavior for employees. See *Luckie v. Piggly-Wiggly &c.*, 173 Ga. App. 177, 179 (2) (325 SE2d 844) (1984).

We hold that the Hertz employee's apparent failure to comply with Hertz's procedure of requesting a driver's license in addition to an international driving permit cannot be the proximate cause of injury to Schofield. The United States has entered into a treaty with certain countries to allow drivers licensed by the participating countries to drive in the other countries that are parties to the treaty without further examination. Both Great Britian and France are parties to that agreement. Convention on Road Traffic, March 26, 1952, 3 U.S.T. 3008, T.I.A.S. No. 2487. Courts of this state must take judicial notice of all treaties or conventions and they predominate "over any

statutory provision of the State of Georgia," *Camp v. Sellers &c. Ltd.*, 158 Ga. App. 646, 648 (281 SE2d 621) (1981), or private guidelines. Regardless of what Duriatti presented to the Hertz employee before he rented an automobile, he had a valid license issued by Great Britain, which pursuant to the Convention on Road Traffic, allowed him to rent an automobile in this country and to drive it without further examination. Furthermore, there is no evidence in the record to suggest further inquiry by Hertz would have revealed that Duriatti was a reckless or otherwise incompetent driver. In fact, the record reveals that Duriatti had driven several years in different countries without incident or citation.

Schofield offers several other bases to support his argument that Hertz had actual knowledge that Duriatti was an incompetent driver at the time Hertz leased him an automobile. We have examined those bases and find them to be without merit.

2. Schofield alleges that the trial court erred in granting Hertz summary judgment on his negligence per se claim because he contends that the record shows that Duriatti violated OCGA §§ 40-5-20 and 40-5-21 by operating a motor vehicle in this state without a valid license in his immediate possession. A police officer who investigated the accident testified that Duriatti's British driver's license was not found in his possession at the scene of the accident.

As we discussed above, the Convention on Road Traffic supersedes the statutory provisions of the State of Georgia to the extent state statutory provisions are in conflict with the provisions of that agreement. Our review of that convention reveals that a driver authorized to drive in participating countries pursuant to the agreement is required only to "hold a driving permit," which the record reveals Duriatti did.

3. Schofield also enumerates as error that the trial court erred in granting Hertz summary judgment on Schofield's claim against it for simple negligence. Essentially, Schofield argues that because the Hertz employee did not ask to see Duriatti's current driver's license, Hertz did not exercise ordinary care to ascertain whether he was a competent driver. The record in this case is void of any evidence that Duriatti had been an incompetent or reckless driver in the past, in fact, any evidence concerning his driving record indicates that he was a competent driver. Thus, assuming arguendo, that the Hertz employee's failure to ask for Duriatti's current license could be considered a negligent act, that act cannot constitute actionable negligence under the facts of this case because there is no causal connection between Hertz's alleged failure to ascertain whether Duriatti had been a reckless or incompetent driver in the past and Schofield's injuries. See *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 512 (317 SE2d 853) (1984). If the Hertz employee had requested Duriatti's cur-

rent license, Hertz would not have refused to rent him a car because he was a reckless or incompetent driver. For all the reasons set forth above, the trial court correctly granted Hertz's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 30, 1991 —
RECONSIDERATION DENIED NOVEMBER 18, 1991 —

*Scott B. Parks*, for appellant.
*Gerard & Mathews, William T. Gerard*, for appellee.