Laina ESKEW, Plaintiff,

v.

**Brian S. YOUNG, Keith Burroughes and Cruise America, Inc., Defendants.**

No. 94–CV–807–WDS.

United States District Court, S.D. Illinois.

Feb. 9, 1998.

Dennis M. Field, Strellis, Faulbaum, et al., Waterloo, IL, for Laina Eskew.

James E. Neville, Neville, Richards, et al., Belleville, IL, for Brian S. Young.

Jeffrey R. Glass, Hinshaw & Culbertson, Belleville, IL, for Keith Burroughes.

Eugene C. Menges, Belleville, IL, for Cruise America, Inc.

## MEMORANDUM & ORDER

STIEHL, District Judge.

Before the Court is defendant Cruise America, Inc.'s motion for summary judgment pursuant to Fed.R.Civ.P. 56.

## BACKGROUND

During the summer of 1993, defendants Brian S. Young and Keith Burroughes, both of whom are citizens of England, arrived in the United States for the purpose of taking a long vacation together. Before leaving Great Britain, Young and Burroughes apparently made arrangements through a Cruise America agent, Caravan Abroad, located in Surrey, England, to rent a recreational vehicle (RV) in Nevada. After accepting payment in Great Britain on behalf of Cruise America, Caravan Abroad gave Burroughes a voucher to present to Cruise America in Las Vegas.

On August 2, 1993, Young and Burroughes presented the voucher to a representative of Cruise America at its rental agency located in Las Vegas, Nevada. At the time of the rental, Cruise America requested and recorded the British Driver's Licenses of both Young and Burroughes. After Young and Burroughes completed and signed the appropriate rental agreement forms, Cruise America turned over the keys to one of its RV's, apparently with little or no instruction.

On August 13, 1993, Young and Burroughes were involved in a two-vehicle accident in Yellowstone National Park in Wyoming while Young was driving the RV. The parties all seem to agree on the events leading up to the accident. Specifically, Young was driving the RV southbound on a two land road. The vehicle in which plaintiff was riding was driven by Mark McCarthy. They were traveling northbound on the opposite side of the same road as Young, in anticipation of making a left-hand turn into a paved pull-out, Young began to slow the RV. At the same time, McCarthy turned on his headlights in an apparent attempt to make his vehicle more visible. Young erroneously assumed that McCarthy was yielding the right-of-way to him. According to Young (and supported by other evidence in the record), in Great Britain, it is customary for a driver to flash his headlights to signal that he is yielding the right-of-way. Based on his erroneous assumption, Young began to turn left across the lane in which McCarthy was driving in order to drive into the paved pull-out. McCarthy unsuccessfully attempted to slow down and avoid a collision, and struck the RV with his vehicle. Plaintiff was severely injured in the accident.

On October 28, 1994, plaintiff commenced this action against Cruise America and Young. In her amended complaint, filed November 21, 1996, plaintiff added Burroughes as an additional defendant. In Count II of her amended complaint, plaintiff states a claim against Cruise America for negligent entrustment. Specifically, plaintiff alleges that Cruise America, knowing that Young was a citizen of Great Britain, failed to properly educate, instruct, and familiarize Young with the rules, customs, and practices of operating a motor vehicle in the United States. As a result, according to plaintiff, Cruise America's failure was the direct and proximate cause of Young's allegedly negligent and careless operation of the RV, which led to the collision of the two vehicles. In essence, plaintiff claims that, as a citizen of Great Britain, Young was an inexperienced driver regarding the informal driving customs in the United States, and that Cruise America breached the standard of care for rental of the RV by failing to instruct Young as to the differences between the informal driving customs in the United States and Great Britain.

In its motion for summary judgment, and again in its reply brief to plaintiff's response, Cruise America's main argument is that it

owed no duty to plaintiff to instruct Young as to the informal customs of driving in the United States. In its response to Cruise America's motion for summary judgment, plaintiff argues that the standard of care is high, and that Cruise America negligently entrusted the RV to Young.

## ANALYSIS

### A. SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." *International Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1378 (7th Cir.1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985). Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law." *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983), *cited in Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir.1986).

### B. CHOICE OF LAW

On June 26, 1995, the Court entered a Memorandum and Order disposing of Cruise America's motion to dismiss. In that order, the Court specifically stated that 16 U.S.C. § 457

indicates that Wyoming law applies to plaintiff's claims. However, § 457 leaves one question unanswered: Should the Court apply Wyoming's internal, or tort law, or should it apply Wyoming's choice of law rules to determine the appropriate internal law? The parties have not addressed this issue, and the Court does not decide the issue at this time.

The parties have still declined to discuss the choice of law issue in the context of the Court's prior invitation. Nevertheless. Cruise America contends, and the Court agrees, that the choice of law issue between Wyoming and Nevada is, at this point, moot. Specifically, all parties agree that plaintiff's claim against Cruise America sounds in tort for negligent entrustment. Under the law of both Wyoming and Nevada, the plaintiff must prove that the person entrusting the vehicle knew or should have known that the person being entrusted, because of his youth, inexperience, or otherwise, is incompetent to operate a vehicle. *Jack v. Enterprise Rent–A–Car*, 899 P.2d 891, 894 (Wyo.1995); *Zugel v. Miller*, 100 Nev. 525, 688 P.2d 310, 312 (1984). Thus, the standard for negligent entrustment does not differ in any material respect under either Wyoming law or Nevada law.

The choice of law issue, however, is further complicated by international treaty. In 1949, both the United States and Great Britain were signatories to the Geneva Convention on Road Traffic. Article 24(1) of that Convention provides:

Each contracting state shall allow any driver admitted to its territory who fulfills the conditions which are set out in Annex 8 and who holds a valid driving permit issued to him, after he has given proof of his competence, by the competent authority of another Contracting state or subdivision thereof, or by an association duly empowered by such authority, to drive on its roads without further examination motor

vehicles of the category or categories defined in Annexes 9 and 10 for which the permit has been issued.

Convention On Road Traffic, March 26, 1952, 3 U.S.T. 3008, T.I.S.A. No. 2487. Cruise America argues that by satisfying the terms of the Geneva Convention, and in the absence of any other evidence that Young or Burroughes were otherwise incompetent to operate the RV, Cruise America is presumed to have satisfied the standard of care for entrusting the RV to Young and Burroughes, as a matter of law. For her part, plaintiff argues that Cruise America knew or should have known that Young could not safety operate the RV because he lacked experience driving in the United States. Thus, the Court must examine Cruise America's duty in the context of the Convention on Road Traffic and the common law elements of negligent entrustment.

Neither the Supreme Court, the courts of appeal, nor the trial courts of Wyoming and Nevada have had occasion to analyze a case under the Convention on Road Traffic. Thus, it is the task of the federal court to predict how the highest courts of either Wyoming or Nevada would settle the issue. *See Malone v. Bankhead*, 125 F.3d 535, 539 (7th Cir.1997) (holding that in the absence of state case law, the court must therefore predict how the state supreme court would decide this issue); *see also Hinkle v. Henderson*, 85 F.3d 298, 300 (7th Cir.1996); *Boland v. Engle*, 113 F.3d 706, 710 (7th Cir.1997). Of course, the Court may look to other jurisdictions for guidance in analyzing the case. *See Astaire v. Best Film & Video Corp.*, 116 F.3d 1297 (9th Cir.1997).

In support of its argument that its only duty under the Convention on Road Traffic was to verify that Young possessed a valid British driver's license, Cruise America relies on the case of *Schofield v. Hertz Corp.*, 201 Ga.App. 830, 412 S.E.2d 853 (1991). The facts in *Schofield* are remarkably similar to the facts in the case at hand. In *Schofield*, Albertino Duriatti, a French citizen living in London, departed London and, upon arriving in Atlanta, rented a car from Hertz. *Id.* at 855. When Duriatti rented the car, he possessed a French passport and an international driving permit. *Id.* Duriatti also had a valid driver's license issued by Great Britain. *Id.* He presented his passport and international driving permit to the Hertz representative. *Id.* He was then given the keys to one of Hertz' rental cars. *Id.* While on his way from Atlanta to Athens, Duriatti's vehicle collided head-on with a vehicle driven by William Schofield. *Id.* Both men sustained injuries in the collision. *Id.* Schofield filed suit against Hertz, among others, alleging negligent entrustment. Hertz moved for summary judgment and the trial court granted the motion. Schofield then appealed, arguing that "Hertz had actual knowledge that Duriatti was an incompetent driver by want of experience at the time it rented an automobile to him." *Id.*

On appeal, the court of appeals first set out the standards for negligent entrustment. Specifically, under Georgia law, as in Wyoming and Nevada,[1] one is liable for negligent entrustment "if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Id.* (citation omitted). The court went on to discuss the Convention on Road Traffic. Ultimately, the court held that Duriatti's possession of a valid Great Britain driver's license allowed him to rent an automobile in the United States and to drive without further examination pursuant to the Convention on Road Traffic. *Id.* at 856. The court further held that there was "no evidence in the record to suggest further inquiry by Hertz would have revealed Duriatti was a reckless driver or otherwise incompetent driver." *Id.*

▪ Applying the holding of *Schofield* to the case at hand, it is clear that, at least under Georgia law, Young's possession of a valid British driver's license enabled Cruise America to rent the RV to him without any

---

**1.** Wyoming and Nevada impose liability if the lessor knew or should have known, while Georgia imposes liability only for actual knowledge. This distinction, however, is immaterial to the Court's analysis.

further examination. This Court finds the *Schofield* opinion to be well reasoned and an accurate statement of the law. Here, as in *Schofield*, Cruise America's rental of the RV, without further examination, was proper because Young possessed a valid British driver's license. The Court finds, that if confronted with this precise issue, the Supreme Courts of both Wyoming and Nevada would rule consistently with the Georgia Court of Appeals. As a result, Cruise America cannot be liable for negligent entrustment because, as a matter of law, it had no duty to further examine Young before renting him the RV.

## C. NEGLIGENT ENTRUSTMENT

Assuming, *arguendo*, that the Court is incorrect, and the Supreme Courts of Wyoming and Nevada would analyze the case purely on common law grounds of negligent entrustment, the Court will proceed to analyze this case on those grounds. As previously discussed, one can be liable for negligent entrustment under the law of either Wyoming or Nevada if the person entrusting the vehicle knew or should have known that the person being entrusted, because of his youth, inexperience, or otherwise, is incompetent to operate a vehicle. *Jack*, 899 P.2d at 894; *Zugel*, 688 P.2d at 312. "[F]actual evidence must exist which proves the entruster knew, or should have known of the user's incompetence to operate a vehicle." *Id.* (citations omitted).

Again, neither Wyoming courts nor Nevada courts have had occasion to examine the negligent entrustment issue in the context of a foreign driver renting a vehicle from a rental car company. Several other jurisdictions, however, have had such occasion, and the Court will review those cases for guidance.

In *Nielson v. Ono*, 750 F.Supp. 439 (D.Haw.1990), the court decided the case under Hawaii common law.[2] The facts in *Nielson* are similar to those in the case at hand. There, the defendant driver lost control of her rented car and stuck the plaintiff's vehi-

cle. "In granting summary judgment in favor of the rental car company, the court commented that plaintiff's argument, that the rental car company is supposed to have gained constructive notice that [the driver] was unfamiliar with American traffic lanes and signals and would drive negligently as a result, is implausible and assumes without justification that all foreign nationals are less competent drivers." *Id.* at 442.

The court, in analyzing the case, relied on *Krupp v. Pan Air Corp.*, 183 So.2d 403 (La. App.1966). In *Krupp*, Hertz Corporation rented a car to a representative of Pan Air. Hertz was aware that Pan Air was renting the vehicle on behalf of members of the Brazilian Air Force. *Id.* at 407. One of those Brazilians failed to stop at a stop sign and collided with the plaintiff's car. *Id.* After plaintiff filed suit, the court rejected his argument that it was negligence per se to rent a car to a foreign citizen merely because he did not speak English fluently. *Id.*

In the case at hand, plaintiff makes what is, at its essence, the same argument advanced by the plaintiff in *Nielson:* that Cruise America should have known Young would drive negligently by virtue of the fact that he was a foreigner who was unfamiliar with the customs of driving in the United States. This Court, like the court in *Nielson*, rejects this argument. Here, as in *Nielson*, plaintiff's argument assumes, without justification, that all British citizens are less than competent drivers. There are no facts other than Young's citizenship that would have warranted Cruise America's further inquiry as to defendant's familiarity with American driving customs. This is evidenced first by the lack of case law on the subject matter. Second, plaintiff admits that Cruise America frequently rents vehicles to British citizens. That this is the first time that an accident occurred under these circumstances is evidence that Cruise America neither had nor should have had knowledge of Young's erroneous understanding of American driving customs.

---

**2.** Plaintiff correctly notes that the Convention on Road Traffic did not preclude inquiry into the competency and experience of the driver. Plaintiff fails to point out, however, that Japan was not a signatory to the Convention and, accordingly, the court did not reference the Convention much less analyze the issue in that context.

**1054**

Finally, it is worth noting that the limited available case law from around the country establishes that without actual knowledge of a foreign citizen's lack of driving competency, rental car companies cannot be held liable for negligent entrustment. Plaintiff is unable to offer a single case in support of her position. In light of the foregoing, the Court finds that, absent signs indicating Young was a less than competent driver. Cruise America had no duty to inquire into Young's familiarity with every driving custom in the United States. The fact that Young is a British citizen is simply not enough, standing alone, to impose liability on Cruise America.

### D. *CONTRACTUAL RELATIONSHIP*

Plaintiff attempts to survive summary judgment by arguing that the contractual relationship between Cruise America and Young somehow sufficiently expanded Cruise America's liability to encompass Young's negligent acts. First, the Court notes that even under the liberal federal standard of notice pleading, this argument is clearly beyond the scope of plaintiff's complaint. Second, plaintiff was obviously not a party to the contract and plaintiff does not offer any authority to support her apparent position that she was a third party beneficiary of the contract. As a result, the Court finds this argument entirely without merit.

### CONCLUSION

Accordingly, the Court **GRANTS** defendant's motion for summary judgment in favor of defendant Cruise America, Inc. and against plaintiff Laina Eskew. In light of this Court's memorandum and order, the Court **DENIES** defendant Cruise America, Inc.'s motion for protective order in limine (**Doc. # 73**), and motion for ruling on prior motion for protective order (**Doc. # 89**) as moot.

**IT IS SO ORDERED.**