NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| GREGORY JOHN TORREZ, | ) | No. 18-15474 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 2:15-cv-02190-MMD-PAL |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| D. LAS VEGAS, INC.; EDGAR | ) | |
| VINICIO VALLEJO, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted July 9, 2019**
Portland, Oregon

Before: FERNANDEZ, TASHIMA, and OWENS, Circuit Judges.

Gregory John Torrez appeals the district court's grant of summary judgment

in favor of D. Las Vegas, Inc. and Edgar Vinicio Vallejo in Torrez's action for

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

negligence and negligent entrustment.[1]  We affirm.

The district court granted summary judgment because Torrez failed to submit sufficient evidence[2] that injuries for which he sought recovery were caused by the collision of the vehicle he was driving with a vehicle driven by Vallejo, who was employed by D. Las Vegas.  The evidentiary deficiency resulted from sanctions imposed upon Torrez due to his failure to comply with his discovery obligations under Federal Rule of Civil Procedure 26(a)(2)(C).  He asserts that the district court erred when it imposed those sanctions.  We disagree.

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[3]  And, as relevant here, the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness

---

[1]*See Sadler v. PacifiCare of Nev.*, 340 P.3d 1264, 1267 (Nev. 2014) (elements of negligence); *Zugel ex rel. Zugel v. Miller*, 688 P.2d 310, 312–13 (Nev. 1984) (per curiam) (elements of negligent entrustment).

[2]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 854 (9th Cir. 2014).

[3]Fed. R. Civ. P. 26(a)(2)(A).

2

is expected to testify."[4]  Torrez did set forth the names and addresses of his proposed witnesses, but his purported disclosures beyond that were, as the magistrate judge stated, "so generic, unhelpful, and boilerplate they could apply to . . . virtually any case."  In practical effect, there were no "disclosures" within the meaning of Rule 26(a)(2)(C).  Because of that, Torrez became subject to Federal Rule of Civil procedure 37(c)(1), which provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Ollier*, 768 F.3d at 863.  Before the district court, Torrez did not argue that his failure was substantially justified or harmless;[5] rather, he insisted that his disclosures were perfectly adequate.  Thus, the award of sanctions was strongly supported.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001).

However, as the district court recognized, imposing the sanctions at least

---

[4]*Id.* (C).

[5]He did not do so in his opening brief on appeal either.  He did so to some extent in his reply brief on appeal, but that was too late.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

threatened a total failure of Torrez's claims, a threat that ultimately became a

reality. Thus, the district court also considered "whether the claimed

noncompliance involved willfulness, fault, or bad faith," and "the availability of

lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th

Cir. 2012). As the district court determined, the failure here was at least willful.

The unhelpful disclosures were plainly designed to give as little useful information

as possible, and were there any doubt, Torrez's obstinate insistence that he did all

he had to do underscored that. Moreover, no lesser sanction was even suggested

by either party, and Torrez indicated no interest whatsoever in making further

disclosures to repair the problem. Finally, any other sanction would have

inevitably resulted in the undoing of the scheduling order without good cause,[6]

imposition upon the defense, and untoward delay.

AFFIRMED.

---

[6]*See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609–11 (9th Cir. 1992).