# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD PERSIKE, AN INDIVIDUAL,
Appellant,
vs.
NATHAN ADAMWOOD LOCHNER, AN
INDIVIDUAL,
Respondent.

No. 76008

FILED

MAR 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

This action arose when Travis Mortensen rear-ended Edward Persike while driving a car that his brother, Nathan Lochner, loaned him. Following the accident, Persike filed a complaint, alleging negligence against Mortensen and negligent entrustment against Lochner. After the complaint was filed, Mortensen died while the litigation was pending and district court dismissed the complaint against him. Lochner filed a motion for summary judgment arguing Persike could not prevail on a theory of liability under NRS 41.440 because he never alleged that NRS 41.440 applied in his complaint. Persike opposed the motion and sought partial summary judgment in his favor. The district court granted Lochner's motion for summary judgment and denied Persike's motion. Persike now appeals.

Persike argues that his negligent entrustment claim can be established through the liability imposed under NRS 41.440. He contends since NRS 41.440 is a theory of proving negligent entrustment, and not a

20-11705

separate claim, it was not necessary to allege that it applied in his complaint.

Under negligent entrustment, a person may be found liable for damages if they "knowingly entrust[ ] a vehicle to an inexperienced or incompetent person." *Zugel by Zugel v. Miller*, 100 Nev. 525, 527, 688 P.2d 310, 312 (1984). This cause of action has two key elements: (1) "whether an entrustment actually occurred, and" (2) "whether the entrustment was negligent." *Id.* at 528, 688 P.2d at 313. On the other hand, NRS 41.440 is a form of vicarious liability that provides the following:

> *Any liability imposed upon a . . . brother . . . arising out of his or her driving and operating a motor vehicle* with the permission, express or implied, of such owner *is hereby imposed upon the owner of the motor vehicle,* and such owner shall be jointly and severally liable with his or her . . . brother . . . for any damages proximately resulting from such negligence or willful misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

(Emphases added.)

The district court correctly concluded the tort of negligent entrustment is a distinct legal concept from the vicarious liability established in NRS 41.440. Further, Persike did not provide evidence necessary for his negligent entrustment claim to survive summary judgment. Under NRCP 56(c)(1), a party may support their factual position through items in the record, including affidavits, interrogatory answers, etc. Persike did not provide any such items, and therefore, did not establish a

factual basis for his claim.[1] Thus, the district court correctly granted Lochner's motion for summary judgment and denied Persike's motion for partial summary judgment on his negligent entrustment claim.[2] *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (providing that this court reviews a district court's order granting summary judgment de novo). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. James Crockett, District Judge
Kathleen J. England, Settlement Judge
Atkinson Watkins & Hoffmann LLP

---

[1]To the extent the district court erred in concluding that the dismissal of Mortensen from the case extinguished any potential liability for Lochner, because the district court correctly granted summary judgment on the ground that negligent entrustment is a distinct cause of action from vicarious liability and Persike failed to support his negligent entrustment claim, we affirm.

[2]We conclude Persike's additional argument regarding his motion to amend his complaint does not warrant reversal.

Wolfe & Wyman LLP
Law Offices of Karl H. Smith/Las Vegas
Eighth District Court Clerk