NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO RODRIGUES DE FREITAS, an individual, and as Administrator of the Estate of Isabel Auler (deceased),<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>THE HERTZ CORPORATION, a Delaware corporation,<br><br>        Defendant - Appellee. | Nos. 23-15913<br>     24-1713<br><br>D.C. No.<br>2:18-cv-01522-JAD-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted February 5, 2025
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Carlos Alberto Rodrigues De Freitas brought this action against The Hertz

Corporation ("Hertz") under several theories of negligence following the tragic

death of his partner Isabel Aparecida Auler from a collision accident that occurred

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

at Hertz's rental-car return facility in Las Vegas. De Freitas appeals the district court's final judgment in favor of Hertz and the district court's order denying his post-trial motion to set aside judgment. Because the parties are familiar with the procedural history and facts of this case, we recount them here only as necessary to the disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review de novo the district court's grant of judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure 50(a). *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017). "[W]e view the trial evidence in the light most favorable to the non-moving party . . . ." *Id.* "If conflicting inferences may be drawn from the facts, the case must go to the jury." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000).

Under Nevada law, a person may be liable for negligent entrustment if he "knowingly entrusts a vehicle to an inexperienced or incompetent person, such as a minor child unlicensed to drive a motor vehicle." *Zugel ex rel. Zugel v. Miller*, 688 P.2d 310, 312 (Nev. 1984) (per curiam). A claim of negligent entrustment requires showing that (1) "an entrustment actually occurred," and (2) "the entrustment was negligent." *Id.* at 313.

The district court did not err in granting JMOL on the issue of negligent entrustment. De Freitas's sole piece of evidence supporting negligent entrustment was deposition testimony by Patricia Stevens about a phone call she made to Hertz,

in which she described the vehicle's erratic movements. Patricia Stevens did not mention her husband Robert Stevens's pedal confusion or otherwise comment in any way on his driving ability. No reasonable person receiving such a call could have inferred that the caller was describing the driver's incompetence. This evidence was therefore legally insufficient to support Hertz's negligence.

2.	"We review a district court's formulation of civil jury instructions for an abuse of discretion, but we consider *de novo* whether the challenged instruction correctly states the law." *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014). "District courts have wide discretion in crafting jury instructions." *United States v. Renzi*, 769 F.3d 731, 755 (9th Cir. 2014).

De Freitas takes issue with two jury instructions. First, he challenges Jury Instruction No. 3, which instructed the jury not to "take into consideration any testimony from Robert Stevens or Patricia Stevens regarding phone calls to Hertz or complaints about the vehicle's performance." We are not persuaded that Jury Instruction No. 3 was erroneous. The district court judge concluded after an extensive discussion with the parties that the evidentiary significance of the phone call was limited to the claim of negligent entrustment. Once the district court granted JMOL for Hertz on negligent entrustment, the phone call ceased to have any relevance. It was therefore within the district court's discretion to exclude this evidence from the jury's consideration.

Second, De Freitas challenges Jury Instruction No. 9, which instructed the jury to find Hertz liable if the risk of Robert Stevens's driving was foreseeable to Hertz. This instruction adopted Nevada Model Jury Instruction 4.7 verbatim. The formulation incorporated an appropriate level of generality that did not limit the scope of foreseeability to the precise conduct of Robert Stevens.

3. We review a district court's rulings on the admissibility of expert testimony for abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). "Such rulings will be reversed only if 'manifestly erroneous.'" *Id.* (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997)). Under Federal Rule of Evidence 702, De Freitas needed to demonstrate that: (1) the expert's specialized knowledge will help the jury understand the evidence or determine a material fact; (2) the opinion is based on sufficient facts or data; (3) the opinion is based on reliable principles and methods; and (4) the opinion reflects a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702.

We conclude that the district court committed no manifest error in excluding some of the expert witnesses' testimony in this case. First, the district court properly excluded Dr. Gary Presswood's testimony on the rental-car industry standards for lane width in return facilities, the comparative safety benefits of ten-feet-wide lanes, and alternative designs for Hertz's return facility. Because

Dr. Presswood's familiarity with the topic of lane widths at rental-car return facilities derived from reviewing materials in the instant case, he did not possess any specialized knowledge helpful to the jury. Nor did the *Daubert* hearing demonstrate that Dr. Presswood's opinion on hypothetical alternative designs would be grounded in a reliable methodology or sufficient data. As Dr. Presswood admitted, he had never conducted a "vehicle accident reconstruction."

Second, the district court properly excluded Dr. Joseph Cohen's testimony on industry standards for lane width. Dr. Cohen's expertise in human factors—a multidisciplinary field that studies human capabilities and limitations based on psychology—could not provide relevant qualifications. He also admitted he had no expertise, knowledge, or training regarding industry standards for lane width before reviewing materials in the instant case.

Third, the district court properly excluded Thomas Brannon's testimony on alternative designs for Hertz's return facility. Hertz's cross-examination revealed that Brannon could not ascertain whether the relevant part of the national Manual of Uniform Traffic Control Devices applied to rental-car return facilities. Brannon further conceded that he knew of no rental-car company that used his proposed alternative design. Brannon therefore lacked a reliable methodology or sufficient

facts on which to base his opinion.[1]

4.    We review a district court's rulings on the scope of proper cross-examination for abuse of discretion. *United States v. Giese*, 597 F.2d 1170, 1191 (9th Cir. 1979). "[A] trial judge has considerable discretion in determining what lines of cross-examination are reasonably related to the subject matter of the witness' direct testimony." *Id.*

The district court properly limited De Freitas's cross-examination of Hertz's two expert witnesses, Jeffrey Jarvis and Jerry Marcus. The direct examination of both witnesses was confined to the topic of why Hertz's fifteen-feet-wide lanes were safer than ten-feet-wide lanes. De Freitas's questions on cross exceeded the scope of direct by posing hypothetical scenarios that implied a causal connection between the wider gap and the accident or by asking about the use of alternating lanes.

5.    We review de novo a district court's order dismissing a request for punitive damages. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1172 (9th Cir. 2012). Any potential error in such an order is rendered harmless by a subsequent jury verdict finding no liability. *See Bulgo v. Munoz*, 853 F.2d 710, 716 (9th Cir. 1988). The jury returned a verdict for Hertz and therefore any error the district

---

[1] De Freitas also argues that the district court erred in precluding his experts' testimony about the adequacy of Hertz's employee training. This argument fails because none of the experts had special knowledge on the subject matter.

court could have committed is rendered harmless.

In any case, the district court committed no error. Under Nevada law, a plaintiff requesting punitive damages must prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." Nev. Rev. Stat. § 42.005(1). Nothing in the record provided clear and convincing evidence that Hertz's decision to widen its lanes or its alleged refusal to address a malfunctioning vehicle approximated the kind of egregious conduct that warranted punitive damages.

6.     "We review the district court's denial of a Rule 60(b) motion for an abuse of discretion and will reverse 'only upon a clear showing of abuse of discretion.'"[2] *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (quoting *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989)). Federal Rule of Civil Procedure 60(b)(3) permits a court to vacate a judgment if the moving party can "prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Id.*; *see* Fed. R. Civ. P. 60(b)(3).

Courts also have inherent power rooted in equity to set aside a judgment for

---

[2] The district court denied De Freitas's Rule 60(b) motion after he filed notice of appeal in the lead case "pursuant to its authority under Federal Rule of Civil Procedure 62.1." *See Sridej v. Blinken*, 108 F.4th 1088, 1090 (9th Cir. 2024).

23-15913, 24-1713

fraud on the court. *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017). That power is "narrowly construed." *Dixon v. Commissioner*, 316 F.3d 1041, 1046 (9th Cir. 2003). "[T]he relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it '"harm[ed]" the integrity of the judicial process.'" *United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) (second alteration in original) (quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)).

We agree with the district court's conclusion that none of the alleged misconduct by Hertz rose to the level that warranted post-judgment relief. De Freitas's main grievance is that Hertz's expert witness Jeffrey Jarvis misstated the amount of his compensation.[3] Jarvis was hedging in giving his estimate of $2,000, however, by saying things like "I'm guessing," "Maybe," and "It's been a long time since I . . . submitted an invoice." Moreover, nothing in the record amounts to clear and convincing evidence that Hertz's counsels knowingly or even negligently misrepresented Jarvis's compensation, especially when they submitted declarations averring that they did not have the billing records to cross-reference during trial and that they did not remember the payments made more than three years prior to trial.

---

[3] De Freitas also takes issue with a similar "misstatement" from Jerry Marcus. As the district court recognized, Marcus gave a fairly accurate answer to a question asking him how much he had been paid.

We also cannot say that De Freitas was prevented from fully and fairly presenting his case. Hertz's counsel mentioned the $2,000 figure at most three times during closing argument, which was otherwise devoted mostly to substantive issues of fact such as the safety of Hertz's lane width.

De Freitas's remaining grounds for setting aside judgment are frivolous. Hertz's mention of the excluded phone call during closing argument did not constitute unfair misconduct. Hertz's alleged mischaracterizations of expert testimony were harmless spins acceptable as standard courtroom advocacy. In both instances, the district court promptly gave curative instructions.

For the foregoing reasons, we affirm the final judgment in favor of Hertz and the order denying De Freitas's motion to set aside judgment.[4]

**AFFIRMED.**

---

[4] In the lead case, we deny De Freitas's motion to supplement the record (Dkt. 17), grant the parties' stipulated motion to supplement the record (Dkt. 18), and deny De Freitas's motion for miscellaneous relief (Dkt. 46).